```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARINA BELESSIS-CASORIA

                    Plaintiff,
                                            ORDER
          -against-                         13-CV-2517 (JS)(ARL)

CON EDISON,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Marina Belessis-Casoria, pro se
                    603 Shore Road, Apt. 603
                    Long Beach, NY 11561

For Defendant:      No Appearance
```

SEYBERT, District Judge:

On April 29, 2013, Plaintiff Marina Belessis-Casoria ("Plaintiff") commenced this action alleging discrimination and unlawful termination pursuant to Section 105 of the Family Medical Leave Act of 1993, 29 U.S.C. § 2615. Plaintiff, however, commenced an identical action on the same date in the U.S. District Court, Southern District of New York. See Belessis-Casoria v. Con Edison, No. 13-CV-2870, Apr. 29, 2013, Docket Entry 2.

"As a general rule, where there are two competing lawsuits, the first suit should have priority." Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 274-75 (2d Cir. 2008) (internal quotation marks and citation omitted). The "first to file rule embodies considerations of judicial administration and conservation of resources." First City Nat. Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989) (citing Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L.

Ed. 200 (1952)); see also 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131 (S.D.N.Y. 1994) ("Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a 'first filed' rule whereby the court which first has possession of the action decides it.").

On June 20, 2013, this Court ordered Plaintiff to file a letter informing the Court where she first filed her action. By letter dated July 9, 2013, Plaintiff explained that she filed the action in the Southern District of New York first. As Plaintiff cannot maintain identical actions in separate federal district courts, and Plaintiff's first filed action was in the Southern District of New York, Plaintiff's action before this Court is hereby DISMISSED as duplicative.

The Clerk of Court is directed to CLOSE this case and to mail a copy of this Order to the pro se Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: October __2__, 2013  
       Central Islip, New York